Cecilia Grandillo, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Lawrence D. Furnstein,* with him *Sandra L. Smales,* for petitioner.

*Jason Manne,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 19, 1980:

Cecilia Grandillo has appealed from an order of the Pennsylvania Department of Public Welfare (DPW) affirming the decision of the Allegheny County Board of Assistance (CAO) that she was ineligible for an emergency fuel assistance grant. The grant sought was one under DPW's Winter Emergency Assistance Program, the regulations for which appear at

9 Pa. B. 1338 (1979). The program was funded by a grant to the State as a Community Action Agency from the Community Services Administration under the Office of Economic Opportunity of the United States Government. It is one of the special programs of the Community Services Administration called the Emergency Energy Conservation Services described at 42 U.S.C. §2809(a)(5). The Emergency Energy Conservation Services program like other Community Administration special programs is crisis oriented; that is, its primary intent is to provide funds for winter-related heat emergencies which endanger health and survival. Its purpose is not to provide assistance generally or to offset increased energy costs. 45 CFR §1061.52-2.

On June 13, 1979, Mrs. Grandillo filed an application for emergency fuel assistance for her three person household. At that time she was employed as a teacher at St. James Parish. Her employment contract for the 1978-79 school year provided for an annual salary of $6,000, payable in ten (10) equal monthly installments beginning August 28, 1978 and ending June 15, 1979. The CAO denied Mrs. Grandillo's application on the ground that her income exceeded the program's income eligibility limits. DPW, after a hearing before a hearing examiner, affirmed the CAO's decision.

DPW regulations at 9 Pa. B. 1338 (1979), following Federal regulations, provide that to be eligible applicants for emergency fuel assistance grants may have "income . . . no higher than 125% of the CSA poverty standards for the 90 days immediately preceding the date of application . . .". DPW's 90 days immediately preceding standard was specifically authorized for adoption by Community Action Agencies by Federal regulation stating that "The period for determining eligibility will not be more than 12

504

months nor less than the 90 day period preceding the request for assistance . . .''. 45 CFR §1061.52-10(b)(2). Therefore, the CAO here correctly observed that Mrs. Grandillo's income for the 90 days immediately preceding her application was $1800 and correctly found that the household was ineligible because that amount of income, on a yearly basis, exceeded $6475, 125% of the CSA poverty standard for a three person household.

Order affirmed.

### ORDER

AND Now, this 19th day of December, 1980, the order of the Department of Public Welfare dated September 4, 1979, is affirmed.